UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:14-CV-00173-LLK

LOISE M. BOWLING                                                                    PLAINTIFF

v.

CAROLYN COLVIN, Commissioner of Social Security                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER DENYING STAY

This matter is before the Court upon Plaintiff's motion to stay judicial review pending further administrative proceedings, specifically, a ruling by the Commissioner on her pending Motion to Vacate and Reopen Order of Dismissal. Docket Number (DN) 6. The Commissioner has not responded to the motion, and it is now ripe for determination.

### Plaintiff's complaint and amended complaint

Plaintiff filed a complaint and an amended complaint. DN 1 and 5. The complaint seeks judicial review of a decision of an administrative law judge (ALJ) denying Plaintiff's claim for Social Security disability benefits, which Plaintiff characterizes as the Commissioner's "final decision."

Plaintiff sought administrative review of the ALJ's decision as required prior to filing a complaint seeking judicial review, and the Appeals Council dismissed her request for review as having been untimely filed, with no excusing good cause. See Notice of Order of Appeals Council Dismissing Request for Review at DN 5-5.

The amended complaint alleges that the Appeals Council's finding of untimeliness violated Plaintiff's Due Process rights.[1]

---

[1] While Plaintiff seeks judicial review of both the ALJ's decision denying disability benefits and the Appeals Council's dismissal of her request for review (DN 5, p. 1), for the reasons indicated below, it appears that this Court has subject matter jurisdiction to review only the latter matter. If Plaintiff shows that the Appeals Council violated her Due Process rights, the error would be remedied by requiring the Appeals Council to review the ALJ's decision. The ALJ's decision would then become the Commissioner's final decision, subject to judicial review, only after the Appeals Council declined to review the ALJ's decision.

1

**Legal background**

This Court is authorized to review only "final decisions" of the Commissioner denying disability benefits. 42 U.S.C. § 405(g). If the claimant fails to timely request Appeals Council review (as the Appeals Council found occurred in this case), there is effectively no final decision and, as a result, no judicial review in most cases. See *Sims v. Commissioner*, 530 U.S. 103, 107 (2000) and *Ferguson v. Commissioner*, 2008 WL 243955 (W.D.Mich.) ("[T]his court lacks subject-matter jurisdiction to review the ALJ's decision regarding benefits or the Appeals Council's determination that Ferguson's request for review was untimely without good cause"). In administrative-law parlance, the claimant is denied judicial review due to failure to properly exhaust administrative remedies. *Sims*, supra.

There is, however, a narrow class of cases in which exhaustion may be excused where a claimant presents a constitutional claim that: 1) is collateral to her claim for benefits, 2) is colorable, and 3) its resolution does not serve the purpose of exhaustion. See *Califano v. Secretary*, 430 U.S. 99, 108-09 and *Ferguson*, supra (exhaustion excused if "the record discloses [a] colorable constitutional claim that would authorize this court to review the Appeals Council's determination that [the claimant] did not show good cause for failing to seek Council review within sixty days of receiving the ALJ's decision").

Plaintiff alleges that her case falls within the foregoing narrow exception to the general rule of non-reviewability. The substance of her argument is contained in her Motion to Vacate and Reopen Order of Dismissal, which is presently pending before the Appeals Council and which she has appended to her amended complaint. DN 5-7.

**Motion to stay**

Plaintiff moves to stay judicial review pending ruling by the Appeals Council on her Motion to Vacate and Reopen Order of Dismissal.

A stay is an "intrusion into the ordinary processes of administration and judicial review." *Nken v. Holder*, 556 U.S. 418, 427 (2009). It is not a matter of right but rather an exercise of judicial discretion

requiring examination of the circumstances of the particular case.  *Id.* at 433-34.  The party requesting a stay bears the burden of showing that the circumstances justify it.  *Id.*

Plaintiff cites no authority in support of her motion for a stay of judicial review pending further administrative proceedings, and the Court is unaware of any.

There is authority for a stay of administrative proceedings pending judicial review – the opposite of present circumstances.  A Court considering a stay of administrative proceedings must consider four factors:  (1) whether the stay applicant has made a strong showing of likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  *Id.*  The first two factors are the most critical.  *Nken*, supra.

Giving Plaintiff the benefit of the doubt and attempting to apply the foregoing factors in present circumstances, the factors counsel in favor of denial of the motion to stay judicial review.

Plaintiff has failed to show that a stay of judicial review will result in a strong likelihood of success on the merits in the administrative agency.  An administrative agency is not particularly well suited to determination of a claim that application of its own rules and procedures violated a claimant's constitutional rights.  There is a substantial chance that the Appeals Council would view Plaintiff's Motion to Vacate and Reopen Order of Dismissal as a request for review of a non-initial determination.  Such requests include "[d]enying your request to extend the time period for requesting review of a determination or a decision" and "[d]enying your request to reopen a determination or a decision."  20 C.F.R. § 404.903(j) and (l).  These non-initial determinations are "not subject to the administrative review process" and -- at least as far as the administrative agency is concerned -- "not subject to judicial review."  *Id.*

Plaintiff will not be injured absent a stay. On the contrary, she may benefit from a speedier resolution of her constitutional claim by this Court.

The Court being sufficiently advised, it is hereby ORDERED that Plaintiff's motion to stay (DN 6) is DENIED.